**FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.,** Plaintiff–Appellee,

Surre, Goldberg & Henry Associates, Inc., Defendant–Cross–Defendant–Appellee,

v.

**Jose RODRIGUEZ and Alice Rodriguez, Defendants–Appellants,**

**Jasam Realty Corp. and Crotona Properties, Inc., Defendants–Cross–Claimants–Appellants.**

Docket Nos. 04–2682, 04–2699.

United States Court of Appeals, Second Circuit.

July 1, 2005.

12

Robin C. Tarr, Piper Rudnick LLP, New York, N.Y. (Joseph G. Finnerty, Jr., on the brief). for Plaintiff–Appellee.

Patrick J. Dellay, Saretsky Katz Dranoff & Glass, L.L.P., New York, NY, (Howard J. Newman, on the brief), for Defendant–Cross–Defendant–Appellee.

Lorin A. Donnelly, Milber Makris Plousadis & Seiden, LLP, Garden City, NY, for Defendants–Appellants.

Norman A. Kaplan, Great Neck, NY, for Defendants–Cross–Claimants–Appellants.

Present: WALKER, Chief Judge, LEVAL, Circuit Judge, and DUPLANTIER, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be and it hereby is **VACATED** and the matter **REMANDED** for further proceedings.

---

* The Honorable Adrian G. Duplantier, of the United States District Court for the Eastern District of Louisiana, sitting by designation.

This appeal is taken from the court's entry of judgment based on the jury's response to a special interrogatory after trial. Plaintiff-appellee Fidelity and Guaranty Insurance Underwriters, Inc. ("Fidelity") filed suit seeking, *inter alia,* a determination that it had no duty to defend or indemnify defendants-cross-claimants-appellants Jasam Realty Corp. and Crotona Properties, Inc. ("Jasam" and "Crotona") with respect to a lawsuit brought against Jasam and Crotona by Jose and Alice Rodriguez ("Rodriguez"). In the alternative, Fidelity sought indemnification by defendant-cross-defendant-appellee Surre, Goldberg & Henry Associates, Inc. ("Surre"), Jasam and Crotona's insurance broker, which also served as agent for Fidelity in placing insurance. Jasam and Crotona cross-claimed for indemnification by Surre.

After trial, the jury answered a single question on a special verdict form. On the basis of that answer, the court granted judgment for Fidelity (that it had no duty to defend or indemnify) and for Surre (that it had no obligation to indemnify Jasam and Crotona).

Jasam, Crotona, and Rodriguez now appeal from that judgment, arguing principally that they were entitled to judgment as a matter of law against Fidelity and Surre, and that the district court abused its discretion in utilizing the special verdict question. After consideration of all arguments raised on appeal, we find that we must vacate the judgment and remand.

The court's special verdict form asked the jury: "Did Jasam *and* Crotona advise Surre, Goldberg that *they* were building on the vacant land *and* wanted liability coverage for the construction on the property

... ?" (emphasis added). The jury answered, "NO." On that basis, the court entered judgment. The question, however, was ambiguous in several respects, making it impossible to determine what facts the jury had found. It was doubly or triply compound. The "NO" answer to whether Jasam *and* Crotona advised Surre could have meant that neither Jasam nor Crotona advised Surre (as the court apparently understood it), or that one did, but both did not. The use of "they" ("advise ... that they were building") introduced further ambiguity. The question was further compound in asking whether Surre was advised that they were building *"and* wanted liability coverage." Once again, the "NO" answer could have resulted from many possible jury findings. It could have meant (as the court apparently assumed) that Jasam and Crotona gave no advice to Surre. But, it could also have represented the jury's finding that they advised Surre that they were building, but said nothing further about wanting coverage. In short, it is impossible to determine what the jury meant by the "NO" answer and whether the answer formed a proper basis for the entry of judgment. The jury's answer might have represented jury findings that did not compel judgment in favor of Fidelity and Surre.

We are left to guess as to what the jury found, and what further findings may have been made as a matter of law by the court. We therefore cannot review the propriety of the judgment, *cf. Cutlass Prods., Inc. v. Bregman,* 682 F.2d 323, 328–29 (2d Cir. 1982); *Ajax Hardware Mfg. Corp. v. In-*

*dus. Plants Corp.,* 569 F.2d 181, 186–87 (2d Cir.1977), and must vacate it.[1]

---

1. We note furthermore that the parties, in their arguments on appeal, advance numerous propositions that they did not adequately develop in the record of the trial. This is, of course, not a basis for overturning the judgment. We mention it to warn the parties that if they want to have their contentions addressed upon the retrial, and any appeal therefrom, they have a responsibility to put forth the evidence upon which their contentions depend.